IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MINIMALLY INVASIVE SURGERY
HOSPITAL, INC.,

           Plaintiff,

v.                                  Case No.  24-2520-JWB

UNITED HEALTHCARE
SERVICES INC.,

           Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss Plaintiff's complaint. (Doc. 10.)  The motion is fully briefed and ripe for decision.  (Docs. 11, 12, 13.)  The motion is GRANTED for the reasons stated herein.

**I.   Facts**

Plaintiff alleges in the complaint that it is a hospital and provided care to seven patients. (Doc. 1-1 ¶¶ 2, 7.)  Plaintiff also asserts that Defendant is a health insurance company.  (*Id.* ¶ 5.) Plaintiff lists seven claims for healthcare services it submitted to Defendant that correlate with the seven patients.  (*Id.* ¶¶ 8–14.)  Defendant purportedly failed to pay the outstanding claims despite Plaintiff's multiple requests and appeals.  (*Id.* ¶ 15.)  As such, Plaintiff filed a lawsuit in Kansas state court with two counts: (1) breach of contract, and (2) quantum meruit.  (*Id.* at 7–8.)

However, in the notice of removal, (Doc. 1), Defendant alleges that it is a health insurance company that functions as a Medicare Advantage organization through which members can receive benefits under Part C of the Medicare Act.  (*Id.* ¶ 4.)  Part C of the Medicare Act encompasses Medicare Advantage plans.  *Sunshine Haven Nursing Operations, LLC v. U.S. Dep't*

1

*of Health & Hum. Servs., Centers for Medicare & Medicaid Servs.*, 742 F.3d 1239, 1244 n.2 (10th Cir. 2014). Hence, Defendant's members can enroll in Medicare Advantage plans. (*Id.*) In the notice of removal, Defendant asserts that each of the seven patients at issue here were enrolled in one of its Medicare Advantage plans. (*Id.* ¶ 6.)

Plaintiff does not assert in the complaint that the patients are enrolled in Medicare Advantage plans. However, it does not dispute this factual assertion in its opposition briefings to Defendant's motion to dismiss. Moreover, it essentially admits that the seven patients were enrolled in Medicare Advantage plans because it requests that the court allow it to amend the complaint to properly reflect that the disputes are governed by the Medicare Act. (*See* Doc. 12 at 3.) Thus, the court concludes, based on the filings, that Defendant's allegation that the patients were enrolled in Medicare Advantage plans is true.

Defendant raises three arguments in its motion to dismiss: (1) Plaintiff's state law claims are preempted by the Medicare Act, (2) Plaintiff filed its lawsuit against the incorrect defendant, and (3) a Medicare Advantage enrollee, or provider standing in for an enrollee, must exhaust the administrative review process before seeking judicial relief. (Doc. 11 at 1.) The court does not address Defendant's first two arguments because Plaintiff admits that it and/or the enrollees failed to complete the administrative review process for all seven claims. (Doc. 12 at 3–4.) Thus, the court's order focuses solely on Defendant's third argument.

## II. Analysis

Plaintiff takes issue with Defendant's refusal to pay for medical services provided to seven patients. (Doc. 1-1 at 6.) These seven patients were insured under Defendant's Medicare Advantage plans. (*See* Doc. 1-1 at 6.) However, a party seeking judicial review of a dispute involving a claim under a Medicare Advantage plan must first exhaust an administrative review

process. *See Heckler v. Ringer*, 466 U.S. 602, 606 (1984). If a party fails to do so, a federal district court lacks statutory authorization to hear the case. *See Est. of Lego v. Leavitt*, 244 F. App'x 227, 232 (10th Cir. 2007).

The four-step administrative review process is identified in 42 U.S.C. § 1395w-22(g) and expanded upon in 42 C.F.R. § 422.560, *et al.* As a general matter, a Medicare Advantage organization must have a procedure in place to *initially* determine (1) if an enrollee in a Medicare plan will receive a health service, and (2) the amount an enrollee is required to pay for a service under the plan. *See* 42 U.S.C. § 1395w-22(g)(1)(A). This initial determination is the first step in the administrative review process. At the second step, if an enrollee objects to the initial determination, he/she must request that the organization *reconsider* that determination. *See* § 1395w-22(g)(2)(A). The third step is a review by "an independent, outside entity" that the Secretary contracts with to review denials of whole or partial coverage. § 1395w-22(g)(4). Lastly, the enrollee is entitled to a hearing in front of an Administrative Law Judge ("ALJ") and the Medicare Appeals Council. Any party to the reconsideration by the independent organization, (except for the Medicare Advantage organization) is entitled to a hearing before an ALJ. 42 C.F.R. § 422.600(a). Once an ALJ issues a ruling, then any party (including the Medicare Advantage organization) subject to the ruling may request that the Medicare Appeals Council review the decision. 42 C.F.R. § 422.608. The Medicare Appeals Council will either deny the request or review the ALJ's decision. *See* 42 C.F.R. § 422.612. Hence, depending on the Medicare Appeals Council's course of action, either the ALJ's decision or the Medicare Appeals Council's decision will become the Secretary's final decision. *See Est. of Lego v. Leavitt*, 244 F. App'x 227, 231 (10th Cir. 2007). Any party may seek judicial review of the Secretary's final decision in federal district

court "as provided in [42 U.S.C.] section 405(g)".[1]  42 U.S.C. § 1395w-22(g)(5); *see* 42 C.F.R. § 422.608.

Additionally, an enrollee, or organization representing an enrollee, cannot circumvent the administrative remedies exhaustion requirement by seeking judicial relief via federal question jurisdiction under 28 U.S.C. § 1331.  *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000).  By reference, Congress made 42 U.S.C. § 405(h) applicable to Medicare Act claims. 42 U.S.C. § 1395ii.  And § 405(h) explicitly mandates that no action against the Department of Health and Human Services or the Secretary of Health and Human Services can be brought under 28 U.S.C. § 1331.  *See* 42 U.S.C. § 405(h); *see also* 42 U.S.C. § 1395ii (substituting Department of Health and Human Services or the Secretary of Health and Human Services for Commissioner of Social Security or the Social Security Administration when reading § 405(h) in the context of Medicare Act claims.)[2]

Here, Defendant argues that the court should dismiss Plaintiff's complaint because Plaintiff failed to exhaust the administrative review process.  (Doc. 11 at 9.)  First, Plaintiff did not plead that it exhausted the administrative remedies for each of the seven patients' (i.e., enrollees) claims. Second, Plaintiff admits that it failed to exhaust the administrative remedies for the disputed claims.  (Doc. 12 at 4.)  Hence, there is no final decision by the Secretary for the court to review. Instead, Plaintiff urges the court to ignore Supreme Court precedent that requires exhaustion of the administrative procedure for Medicare Act claim disputes.  (Doc. 12 at 4.)  The court is not in

---

[1] There are additional requirements that must be met to secure judicial review of a denial or decision.  However, for the present matter, those additional requirements are not at issue.  Thus, to maintain a more straightforward explanation of the administrative remedies exhaustion requirement, the court has chosen not to provide unnecessary details.

[2] Plaintiff admits in its response that the proper defendant is the Secretary of Health and Human Services.  (Doc. 12 at 3.)  Hence, although the named Defendant is United Healthcare Services, Inc., if the case had been pleaded properly, the defendant would be the Secretary of Health and Human Services, and § 405(h), by its plain language, would prohibit Plaintiff from avoiding the mandated administrative procedure through federal question jurisdiction.  The court need not make a definitive ruling on whether Plaintiff named the correct party, though, because Plaintiff failed to exhaust its administrative remedies for all seven claims.

4

a position to do so. Because that is Plaintiff's only argument for why the court should excuse its failure to complete the required administrative review process, the court holds that it is statutorily precluded from reviewing Plaintiff's legal claims in their current procedural posture. Hence, the court need not address Defendant's two arguments addressing Plaintiff's failure to state a claim upon which relief can be granted.

**III.   Conclusion**

Defendant's motion to dismiss Plaintiff's complaint is GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED. Dated this 31st day of January, 2025.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE